[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION (No. 120.00) AND MOTION FOR CONTEMPT (No. 121.00)
This case came to this court on the above motions. This is a combined decision. The court heard the evidence, reviewed the child support calculations and has considered all of the statutory criteria relevant to this matter including General Statutes 46b-86, the child support guidelines and the counsel fees statute and the relevant contempt cases. The court CT Page 7207 has reviewed the husband's Memorandum of Law dated July 20, 1992 and his child support guideline computations submitted after the hearing.
The court finds that there is a change in circumstances of the husband's earnings from the date of the dissolution to the present but that it is not dispositive of the issue. His net earnings at the time of the dissolution were $580.00. His net today found by this court is $468.00.
By agreement, the husband is in arrears on child support in the sum of $23,079.00. In addition, there was an agreed on amount of $66.00 of medical reimbursements for a total arrearage of $23,145.00. This amount is to be paid pursuant to 17-578 (b)-5 of the General Statutes at Thirty ($30.00) Dollars per week.
The husband shows net weekly income of $384.94, rounded to $385.00 on his affidavit. He has deducted business costs from his gross income. This court has reviewed his expenses listed on his financial affidavit as "Specifics Mr. Dinolfo's monthly business expenses (rounded off)." The court finds that the husband has failed to sustain his burden that rent/nonphone utilities and estimated depreciation are proper deductions. The court finds that these are not proper deductions from his gross income since he is not actually paying them. These deductions total $358.00. Thus, this court finds that his business costs per month are $215.20, rounded to $215.00 per month. The husband's net income per week is increased by $83.25 for a total net income of $468.19, rounded to $468.00.
The wife's net is $673.49. The husband's and wife's total combined net income is $1,141.00.
Since the dissolution of this marriage, the child support guidelines have become law and they are to be used in all pending cases. There are three children ages 17, 14 and 7. Between 42.52 per cent and 46.52 per cent is the percentage of responsibility for child support under the guidelines. This court has used 44.52 per cent in its calculation. Thus, the husband's contribution to child support is $208.00 per week. Thus, although the husband's net income has decreased under the guidelines, he should be paying more than $200.00 per week. Accordingly, the motion to modify downward is denied. This court does not have before it a motion to increase support.
Since the court previously ordered $30.00 per week on the arrearage, the total amount to be paid per week is $230.00 per week. All orders are effective as of July 16, 1992. A wage CT Page 7208 execution may issue.
Since the husband represented that he wanted to pay off the arrearage on the child support in five (5) years, and by this court's calculation he would have paid less than $8,000.00 after five years, this court orders him at the conclusion of five (5) years from this date to pay whatever the remaining balance is in one lump sum. In order to relieve the husband's burden at that time, he may make substantial payments in advance of that date in addition to the $30.00 per week if he so chooses.
The husband is to provide the wife with copies of his federal and state income tax returns at the time he files them with the state tax department and the IRS.
The court finds the husband in willful violation of a court order for failing to pay the court ordered child support. He has chosen to pay other bills over the court ordered support such as his contribution to St. Luke's Church, the Agape Tithe, and the Sterling Institute, among others.
The court is aware of the wife's claim for counsel fees of $750.00 for the October 31, 1991 hearing and $1,000.00 for the July 16, 1992 hearing, but finds the husband does not have the financial ability to pay these fees presently. Accordingly, the court orders the husband to pay $750.00 by September 16, 1992 as his contribution to attorney's fees.
The court rejects the husband's claim that his IRS payments of $100.00 per week beginning in the near future should be a tax deduction from gross income as provided for under the guidelines. The guidelines provide, on page 11, as follows:
 Federal income tax based on all allowable exemptions.
This comes under the mandatory deduction section. This court reads this as a cash flow deduction for income earned. It is not broad enough to include past due taxes. This court has treated the tax debt as it would treat any other debt, not as a mandatory deduction from gross income. See Favrow v. Vargas,222 Conn. 699 (1992).
Orders may enter in accordance with this memorandum of decision.
EDWARD R. KARAZIN, JR., JUDGE CT Page 7209